UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD JUSTIN, et al.,<br><br>    Defendants. | No. 2:13-cv-00238-MCE-DAD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, proceeding through counsel, initiated this litigation on February 6, 2013, by filing a Complaint against BailBonds, Inc., a Nevada corporation, its employees Richard Justin and Dennis Justin, and Plaintiff's brother Jeff Robben, asserting a federal claim under 42 U.S.C. § 1983 and state-law causes of action for assault and battery, trespassing, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation of character and interference with economic advantage. (ECF No. 2.) Presently before the Court is a Motion to Dismiss/For a More Definite Statement/Strike pursuant to Federal Rule of Civil Procedure[1] 12(b)(6), (e), and (f), and a SLAPP[2] Motion to Strike pursuant to Cal. Civ. Proc. Code § 425.16, filed

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] SLAPP is an acronym denoting a so-called "Strategic Lawsuit Against Public Participation."

[3] Because oral argument would not be of material assistance, the Court ordered this matter

[2] SLAPP is an acronym denoting a so-called "Strategic Lawsuit Against Public Participation."

1

by Plaintiff Todd Robben on April 3, 2013.  (ECF No. 13.)

For the reasons stated below, the Court DENIES Plaintiff's Motions.[3]

## BACKGROUND

As alleged in the Complaint, on or about October 18, 2012, Plaintiff was out on bail with his release secured by a bail bond obtained from Justin Brothers Bail Bonds ("Justin Bros.").[4]  (Compl. ¶ 8.)  Plaintiff's mother was assuring the bail bond.  (Compl. ¶¶ 8-9.)  Plaintiff's brother, Jeff Robben, allegedly induced Plaintiff's mother to withdraw her assurance of the bond by asserting that Plaintiff was both suicidal and homicidal, which caused Plaintiff to lose his bail bond.  (Id. ¶¶ 9-10.)  Subsequently, Defendants Richard Justin and Dennis Justin went to Plaintiff's residence, broke down the front door, shot Plaintiff with a taser gun, battered and handcuffed Plaintiff, and took him into "unlawful custody".  (Id. ¶ 11.)

On March 1, 2013, all Defendants answered Plaintiff's Complaint.  (ECF Nos. 5-9.)  On March 13, 2013, Defendants Richard Justin, Dennis Justin and BailBonds Inc.[5] filed an Amended Answer[6] asserting a Counterclaim for defamation against Plaintiff.  (ECF No. 11.)  According to the Counterclaim, on March 4, 2013, Plaintiff displayed large signs near Justin Bros.' Carson City and Reno offices reading "JUSTIN BROTHERS BAIL BONDS FRAUD CRIME SCENE/CRIME SCENE."  (Id. ¶¶ 42-43.)

---

[3] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. R. 230(g).

[4] As alleged in the Complaint, Defendant BailBonds Inc. is doing business as Justin Bros.  (ECF No. 2 ¶ 1.)  However, in their Amended Answer, Defendants deny this allegation and assert that Defendant Richard Justin is a sole proprietor doing business as Justin Bros.  (ECF No. 11 ¶¶ 1, 41.)  This factual dispute does not bear on the merits of Plaintiff's instant motion.

[5] For the purposes of this Order, the Court will refer to Defendants/Counterplaintiffs Richard Justin, Dennis Justin, and BailBonds Inc. as "Defendants," and will refer to Plaintiff/Counterdefendant Todd Robben as "Plaintiff."

[6] Pursuant to Rule 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after serving it.  Fed. R. Civ. P. 15(a)(1).  Accordingly, Defendant's filing of the amended answer was proper.

2

///

Additionally, as alleged, Plaintiff created a website, "Nevada State Personnel Watch," where he published an article entitled "JUSTIN BROTHERS BAIL BONDS FRAUD, RACKETEERING AND CRIMINAL ACTIVITY TURNS INTO A MASSIVE CRIME SCENE IN RENO NEVADA." (Id. ¶ 45.) According to the Counterclaim, Plaintiff's above-mentioned statements were false, were published by Plaintiff with "malice and oppression," and injured Defendants' professional reputation. (Id. ¶¶ 47-56.)

## ANALYSIS

In his Motion, Plaintiff makes the following arguments: (1) the Court should either strike the Counterclaim under Rule 12(e) or order Defendants to provide a more definite statement pursuant to Rule 12(f); (2) Defendants' Counterclaim should be dismissed pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16; and (3) Defendants failed to state a claim for which relief can be granted pursuant to Rule 12(b)(6). (ECF No. 13.) The Court will address each argument below.

**A.     Plaintiff's Rule 12(e) and Rule 12(f) Motion**

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Pursuant to Rule 12(f), the Court may, on motion or sua sponte, strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

According to Plaintiff, Defendants improperly included their "mislabeled" and "concealed" Counterclaim in the Amended Answer," instead of filing a separate "cross-complaint." (ECF No. 13 at 2-4.) Plaintiff contends that the inclusion of the

Counterclaim into Defendants' answer made the Counterclaim "unintelligible." (Id. at 2.) Plaintiff, who is represented by counsel, admittedly does not know how to handle Defendants' Counterclaim and asks the Court to clarify whether he should file an answer or "simply regard it as an offset alleged in the so-called amended answer." (Id. at 1-2.)

Plaintiff and his counsel are hereby advised that the Federal Rules of Civil Procedure, which govern the proceedings in this district court, do not provide for the possibility of filing a "cross-complaint." See Fed. R. Civ. P. 7(a). Pursuant to Rule 13, a party's pleading may state a "counterclaim" against an opposing party or a "crossclaim" against a coparty. Fed. R. Civ. P. 13(a),(b),(g). Furthermore, counterclaims, be they permissive or mandatory, are not separate pleadings but are instead included as part of another pleading, such as an answer. See Fed. R. Civ. P. 13(a) & (b); Primerica Life Ins. Co. v. Davila, 2011 WL 643395, at *3 (E.D. Cal. Feb. 17, 2011). A plaintiff must answer a counterclaim as long as it is "designated as a counterclaim" in the defendant's responsible pleading. Fed. R. Civ. P. 7(a)(3), 12(a)(1)(B).

Here, Defendants properly included their Counterclaim as part of the Amended Answer and clearly labeled the Counterclaim as such both in the caption and in the text of the document. (ECF No. 11 at 1, 8.) Thus, Plaintiff's contention that Defendants somehow concealed their Counterclaim lacks merit. Accordingly, the Court denies Plaintiff's motion to dismiss or strike the Counterclaim on this ground. Although it is not the Court's duty to educate a competent attorney on fundamental principles of federal civil procedure, the Court will provide the guidance requested by Plaintiff's counsel. (See ECF No. 13 at 1-2.) Pursuant to Rule 12(a)(1)(B), Plaintiff should have filed an answer to Defendants' Counterclaim within 21 days after being served with Defendants' Amended Answer. However, since Plaintiff filed a Rule 12 motion attacking Defendants' Counterclaim, Plaintiff will have 14 days from the date this Order is electronically filed to file his responsive pleading. See Fed. R. Civ. P. 12(a)(4).

///

///

///

**B.     Plaintiff's Anti-SLAPP Motion**

California's anti-SLAPP law is aimed at curtailing civil actions designed to deter private citizens from exercising their rights of free speech.  United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970 (9th Cir.1999).  "The hallmark of a SLAPP suit is that it lacks merit and is brought with the goals of obtaining economic advantage over a citizen party by increasing the cost of litigation to the point that the citizen party's case will be weakened or abandoned."  Id. at 970-971.  The Ninth Circuit permits the use of anti-SLAPP motions in federal court on state-law claims like the defamation claim asserted in Defendants' Counterclaim.  See Makaeff v. Trump University, --F.3d--, 2013 WL 1633097, at *4 (9th Cir. Apr. 17, 2013); Ness v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003).

The court engages in a two-step process when ruling on a special motion to strike.  Equilon Enters. v. Consumer Cause, Inc., 29 Cal.4th 53, 67 (2002).  First, a defendant−here, Plaintiff/Counterdefendant−must demonstrate that his allegedly harmful conduct is protected under the anti-SLAPP statute.  Cal. Civ. Proc. Code § 425.16(b)(1); Equilon Enters., 20 Cal.4th at 67.  As relevant for the purposes of Plaintiff's instant motion, the protected activities under Section 425.16 include "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest," or "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  Cal. Civ. Proc. Code § 425.16(e) (emphasis added).  Although not defined in the anti-SLAPP statute, an "issue of public interest" is generally "something of concern to a substantial number of people." Weinberg v. Feisel, 110 Cal. App. 4th 1122, 1132 (2003).  "Thus, a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest." Price v. Operating Eng'rs Local Union No. 3, 195 Cal. App. 4th 962, 971-72 (2011).

1   ///

2   Further, "there should be some degree of closeness between the challenged statements

3   and the asserted public interest," and "the focus of the speaker's conduct should be the

4   public interest rather than a mere effort 'to gather ammunition for another round of

5   [private] controversy." Id. at 971-72.

6   Once a defendant shows that his or her conduct is covered under the anti-SLAPP

7   statute, the burden shifts to the plaintiff here, Defendants/Counterplaintiffs, to make "a

8   prima facie showing of probative success on the merits." Wong v. Tai Jing,

9   189 Cal. App. 4th 1354, 1368 (2010). In determining whether the parties met their

10  respective burdens under California's anti-SLAPP law, the court may examine

11  "pleadings, and supporting and opposing affidavits stating the facts upon which the

12  liability or defense is based." Cal. Civil Proc. Code § 425.16(b)(2).

13  Plaintiff argues that Defendants' Counterclaim is "a SLAPP action attacking

14  Plaintiff for his petitioning and free speech activity both in and out of court." (ECF No. 13

15  at 2.) However, Plaintiff has failed to present any evidence demonstrating that his free

16  speech activities were "in connection with a public issue" or "an issue of public interest."

17  See Cal. Civ. Proc. Code § 425.16(e). Instead, he merely argues, in general and

18  conclusory terms and without any factual or legal support, that "this is a matter of public

19  concern and others should be warned of this misconduct so they will be aware of their

20  rights and avoid the bad events [Plaintiff] was subjected to." (Declaration of Todd

21  Robben ¶ 7, ECF No. 14.) The assertion of such a broad and amorphous public interest

22  is not sufficient to demonstrate that Plaintiff's free speech activities were in connection

23  with a public issue. See Price, 195 Cal. App. 4th at 972. There is no evidence on the

24  record that anyone, beyond the parties and maybe their families, was interested in the

25  events giving rise to Plaintiff's complaint and his subsequent "free speech" activities.

26  While Plaintiff has failed to present any evidence showing that his "protests" were

27  in connection with a public issue, Defendants have provided the Court with concrete

28  facts demonstrating that Plaintiff's speech activities amounted to nothing more than an

attempt "to gather ammunition for another round of [the parties' private] controversy." See id., 195 Cal. App. 4th at 971-72.  In particular, Defendants produced Plaintiff's email to Defendants' counsel Donald R. Forbes, dated February 28, 2013, in which Plaintiff demanded that Defendants agree to settle this matter and threatened to "protest in front of the Justin Bros Bail Bond Co. business(s) [sic] in Carson City and Reno," if Defendants refused to settle.  (Declaration of Donald R. Forbes ¶¶ 3-4 & Ex. 1, ECF No. 17.)  Plaintiff further specified in his email that his protest would include displaying signs, such as the "world's largest crime scene" banner and publications on the Nevada State Personnel website.  (Id.)  Because "a person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people," see Price, 195 Cal. App. 4th at 972, Plaintiff's alleged protests were not in connection with a "public issue."

Therefore, the Court concludes that Plaintiff has failed to carry his burden of demonstrating that his speech activities are protected under California Code of Civil Procedure § 425.16.  Accordingly, the Court denies Plaintiff's anti-SLAPP motion.

### C.   Plaintiff's Rule 12(b)(6) Motion

Although framed as a Rule 12(b)(6) motion to dismiss for failure to state a claim, Plaintiff's motion does not challenge the sufficiency of Defendant's defamation allegations or Defendants' entitlement to relief.  Instead, Plaintiff again argues that the Counterclaim should be dismissed because Defendants "tucked [it] away" inside of their Amended Answer, and because the Counterclaim is "nothing but an attack on plaintiff's first amendment activities."  (ECF No. 13 at 4.)  The Court has already rejected these arguments.  Accordingly, Plaintiff's Rule 12(b)(6) motion will be denied.

///

///

///

**D.     Defendants' request for attorney's fees**

Defendants request that the Court award their attorney's fees incurred in opposing Plaintiff's "frivolous" motion pursuant to Rule 11 and California Code of Civil Procedure § 425.16(c)(1). (ECF No. 16 at 11.)

Under Rule 11, by presenting papers to this Court, an attorney certifies that his legal contentions are warranted by existing law, supported by factual evidence and are not presented "for any improper purpose." Fed. R. Civ. P. 11(b). If the court finds that Rule 11(b) has been violated, it may impose a reasonable sanction on any attorney, law firm, or party that violated the rule. Fed. R. Civ. P. 11(c). However, a party moving for Rule 11 sanctions must file a separate motion and must comply with the "safe harbor" provision of Rule 11(c)(2). Because Defendants failed to comply with Rule 11(c) requirements for bringing a motion for sanctions, their request for attorney's fees is procedurally improper and must be denied on that basis.

Pursuant to California Code of Civil Procedure § 425.16(c)(1), if the court finds that an anti-SLAPP motion to strike is frivolous, the court shall award costs and reasonable attorney's fees to a prevailing plaintiff (here, Defendants/Counterplaintiffs). Although Plaintiff's anti-SLAPP motion to a large extent, lacks legal and factual support, it does not rise to the level of being "frivolous." Accordingly, the Court denies Defendant's request for attorney's fees under Section 425.16.[7]

///
///
///
///
///
///

---

[7] Although the Court declines to sanction Plaintiff at this time, it will not hesitate to impose sanctions if Plaintiff and his counsel continue filing unsupported and groundless motions. See Fed. R. Civ. P. 11(c).

8

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's Motion to Dismiss/For a More Definite Statement/Strike and an anti-SLAPP Motion under Cal. Civ. Proc. Code § 425.16 (ECF No. 13) are DENIED.

2. Plaintiff is directed to answer Defendants' Counterclaim within fourteen (14) days from the date this Order is electronically filed.

3. Defendants' request for attorney's fees is DENIED.

IT IS SO ORDERED.

DATED: May 13, 2103

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT