UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN, | No. 2:13-cv-00238-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| RICHARD JUSTIN, et al., | |
| Defendants. | |

Presently before the Court is a Motion to Amend Complaint filed by Plaintiff Todd Robben ("Plaintiff") in the above-referenced action. Plaintiff currently alleges claims arising under 42 U.S.C. § 1983 and various state laws against Defendants Richard Justin, Dennis Justin, BailBonds Inc. (doing business as Justin Brothers Bail Bonds), and Jeff Robben. He now seeks leave to amend his complaint to: (1) modify his state causes of action; (2) add an additional Defendant, Douglas Lewis; and (3) remove Defendant Jeff Robben. Plaintiff also seeks sanctions based on Defendants' refusal to stipulate to the proposed amendment. No opposition has been filed.

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The policy favoring amendments to pleadings, as evinced by Rule 15(a), is delegated to the court's sound discretion and "should be applied with 'extreme liberality.'"

1

1 United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citing Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960) (per curiam)).  It would be an abuse of discretion to deny a motion to amend under Rule 15(a) where there is a lack of prejudice to the opposing party and the proposed amended complaint is neither futile nor sought in bad faith.  Yakima Indian Nation v. Wash. Dept. of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999).  This case is in its early stages, and there is no indication of any undue prejudice, dilatory motive or bad faith that might warrant denial of Plaintiff's request.  Given the foregoing, Plaintiff's request for leave to amend is granted.

The court will not, however, sanction Defendants for their failure to stipulate.  In a letter from Defendants' counsel attached as an exhibit to Plaintiff's motion, counsel explained that Mr. Lewis is Defendants' business associate, making it preferable to them that he be added by court order as opposed to by consent.  In addition, Defendants' counsel argued that Plaintiff had at all times been aware of Mr. Lewis's role in the underlying events and that there was no justification for not having added him as a party in the first instance.  Defendants set forth reasonable bases for refusing to stipulate.

Plaintiff's Motion to Amend Complaint (ECF Nos. 32-33) is GRANTED.[1]  Plaintiff is directed to file the proposed Amended Complaint, as attached to the instant motion, not later than ten (10) days following the date this Order is electronically filed.  Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:  September 12, 2013**

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).